ELLEN F. ROSENBLUM
Attorney General
VANESSA A. NORDYKE  #084339
Assistant Attorney General
ROBERT E. SULLIVAN #983539
Senior Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
Telephone: (503) 947-4700
Fax: (503) 947-4792
Email:  Vanessa.A.Nordyke@doj.state.or.us
        Robert.Sullivan@doj.state.or.us

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| STEVEN FOX,<br><br>       Plaintiff,<br><br>   v.<br><br>STATE OF OREGON; STEVE SHELTON, M.D.; and LINDA GRUENWALD, N.P.,<br><br>       Defendants. | Case No.  2:16-cv-01740-SU<br><br>NOTICE OF SETTLEMENT |

Page 1 -    NOTICE OF SETTLEMENT
VAN/cbh/9048370-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4792

Pursuant to ORS 17.095, the State notifies the court that this action has been settled

pursuant to the terms of a Settlement Agreement and Release, a copy of which is attached as

Exhibit 1.

DATED July  3   , 2018.

Respectfully submitted,

ELLEN F. ROSENBLUM
Attorney General

_____*s/ Robert E. Sullivan*_____
VANESSA A. NORDYKE #084339
Assistant Attorney General
ROBERT E. SULLIVAN #983539
Senior Assistant Attorney General
Trial Attorneys
Tel (503) 947-4700
Fax (503) 947-4792
Vanessa.A.Nordyke@doj.state.or.us
Robert.Sullivan@doj.state.or.us
Of Attorneys for Defendants

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4792

## GLOBAL SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

The two cases currently pending are US District Court Case Number 2:16-cv-1740-SU and Umatilla County Circuit Court Case No. 17CV28246. These two cases shall be referred to in this agreement as the "Action". The parties to this Action are Steven Fox ("plaintiff"), represented by Lynn Walsh and State of Oregon, Oregon Department of Corrections, Linda Gruenwald, and Steven Shelton ("defendants"), represented by Robert Sullivan and Vanessa Nordyke ("Parties"). The Parties have agreed to settle this Action for the consideration set forth in this Settlement Agreement and Release of Claims ("Agreement"). The effective date of this Agreement is the date on which it is fully executed.

The terms of this Agreement are as follows:

**Settlement Payment:** As consideration for Plaintiffs Release of Claims, and on behalf of the Released Parties described below, the State of Oregon, by and through the Oregon Department of Administrative Services/Risk Management ("Risk Management"), shall pay plaintiff the sum of One Million Five Hundred Thousand Dollars ($1,500,000.00) ("settlement payment").

**Plaintiffs Release of Claims:** In consideration for the above settlement payment, plaintiff, individually and on behalf of any heirs, executors, administrators, successors, agents, and assigns agrees to release, acquit, and forever discharge defendant and all those in interest with it, including the State of Oregon and all of its political subdivisions, agencies, departments, administrators, officers, current and former employees, agents, attorneys, and insurers (collectively "Released Parties"), from any and all claims, demands, or causes of action, whether known or unknown, under any legal, equitable, or other theory, that exist or may exist against the Released Parties through the Effective Date of this Agreement.

The release, acquittal, and discharge described above ("Release") includes any claims against the Released Parties - including the defendants and Risk Management - arising from the negotiation or execution of this Agreement. This Release also includes any damages (including

Page 1 – GLOBAL SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS          9033414-v1

past and future medical and mental health expenses, lost wages, impairment of earnings, emotional distress, pain and suffering, punitive damages, and any other compensatory, economic, noneconomic, nominal, or other forms of damage) and equitable relief (including injunctions or declaratory judgments), whether known or unknown, or which may develop after the effective date of this Agreement, and including any and all expenses (attorney fees, costs, and disbursements).

**Newly-Discovered Evidence: The Parties agree** that if, after the Effective Date of this Agreement, they discover evidence different from or in addition to the evidence which they now know of or possess, this Agreement remains in full force and effect.

**Each Party is Responsible for Own Attorney Fees and Costs:** The Parties acknowledge and agree that they are solely responsible for paying any attorney fees and costs they incurred and that neither the Parties nor their attorneys will seek any award of attorney fees or costs from the other Party.

**Disbursement and Satisfaction of Liens:** Plaintiff is Responsible for all Subrogation and Liens. However, upon final determination of medical lien amounts as of June 19, 2018, the parties agree that DAS-Risk will issue drafts/checks payable to Oregon DHS and MODA, respectively. Plaintiff acknowledges that other subrogation or lien claims, including without limitation, Medicare, or Social Security, are the obligation of plaintiff to satisfy or otherwise resolve. Plaintiff will defend, indemnify and hold harmless the Released Parties from and against lien and subrogation claims brought against the Released Parties.

**Medicare Disclaimer and Waiver:** By signing below, plaintiff declares under penalty of perjury that: (1) plaintiff is not currently entitled to Medicare; and (2) none of the treatment received for the injury or injuries claimed in this Action (or related to the incident giving rise to this Action) or released in this Agreement were submitted to or paid for by Medicare. Plaintiff waives, releases, and forever discharges Released Parties from any obligations for any claim or future claim, known or unknown, arising out of the failure of Released Parties to provide for a

Page 2 ~ GLOBAL SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS        9033414-v1

Exhibit 1, Page 2 of 6

primary payment or appropriate reimbursement to Medicare pursuant to 42 U.S.C.
§ 1395y(b)(3)(A), and plaintiff shall defend, indemnify and hold harmless the Released Parties
for any claims arising out of arising out of 42 U.S.C. § 1395y(b). Plaintiff further understands
this settlement may impact, limit, or preclude plaintiff's right or ability to receive future
Medicare benefits arising out of the injuries alleged in this lawsuit.

     **Past Cost of Care:** Defendant Oregon Department of Corrections waives the right to recover
any proceeds from the settlement payment as "cost of care" pursuant to ORS 179.620(1). In no way do
any of the defendants admit liability, nor have they been found liable through adjudication, as referenced
in ORS 179.620(5)(a). On the contrary, defendants expressly deny all liability of any type.

     **No Tax Representations:** No party warrants or represents how the United States
Internal Revenue Service ("IRS"), the Oregon Department of Revenue, or other governmental
authority will treat the settlement payment for tax purposes, and agree that no further payment
of money from Released Parties will be due in the event that the payments or the release of the
claims embodied in this Agreement or any portion thereof is found by the IRS, the Oregon
Department of Revenue, or other governmental authority to be, or result in, taxable income to
any party. **The Released Parties, as part of their reporting requirements, may have to
communicate with the IRS, including submitting IRS form 1099. The Released Parties
reserve the right to respond to inquiries by said authorities and to make any additional
disclosures requested by the governmental authority or as required by law. Plaintiff is
solely responsible for the tax consequences of settlement payment, and plaintiff agrees
not to hold the Released Parties responsible for taxes due.**

     **Entire Agreement:** This Agreement contains and constitutes the entire agreement and
understanding of the Parties, notwithstanding any and all prior negotiations, discussions,
undertakings or agreements made in arriving at this Agreement. There are no representations,
agreements, or inducements between the Parties except as set forth expressly and specifically in
this Agreement.

**No Admission of Fault or Future Precedent:** The Parties agree that this Agreement is not to be construed as an admission or proof of any liability or fault whatsoever on the part of the Released Parties, except as set forth in the Answer and Affirmative Defenses filed March 16, 2018. This Agreement does not establish a precedent in the settlement of any current or future grievance, claim of unfair labor practice, or other dispute among the Parties, and shall not be admissible as evidence in any future arbitration, administrative or court proceeding except in a proceeding brought to enforce the terms of this Agreement. In the event plaintiff pursues a claim waived or released pursuant to this Agreement, the Released Parties may plead this Agreement as an absolute defense.

**No Waiver:** The failure by any of the Parties to enforce at any time, or for any period of time, any one or more of the terms or conditions of this Agreement or a course of dealing between the Parties, shall not be a waiver of such terms or conditions or of such Party's right to enforce each and every term and condition of this Agreement.

**Invalidity:** This Agreement does not waive any right that may not legally be waived. If any provision contained in this Agreement shall for any reason be held to be invalid, illegal, void, or unenforceable in any respect, such provision shall be deemed modified so as to constitute a provision conforming as nearly as possible to such invalid, illegal, void, or unenforceable provision while still remaining valid and enforceable, and the remaining terms or provisions of this Agreement shall not be affected.

**Binding Agreement and Ownership of Claims:** This Agreement shall be binding upon the Parties, and their heirs, representatives, executors, administrators, successors in interest, insurers and assigns. The Parties acknowledge that they have not transferred or assigned, or purported to transfer or assign, to any person or entity, any claim, or any portion of interest of any claim, that was or could have been raised in this Action.

**Acknowledgment of the Terms of the Agreement:** By the signatures below, the Parties acknowledge that they have read and know the contents of this Agreement, that they fully

Page 4 – GLOBAL SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS          9033414-v1

understands the Agreement's terms, and that they enter the Agreement voluntarily for the purpose of making a full compromise and settlement. Each of the Parties further represents it has consulted or has had the opportunity to consult with legal counsel of its choice concerning the legal effect of this Agreement before signing it, and that each party executes this Agreement after voluntarily. Further, the persons executing and delivering the Agreement represent and warrant that they are fully authorized to do so, and that the execution of delivery of the Agreement is lawful and voluntary.

**Judgment of Dismissal with Prejudice:** The Parties agree to a dismissal of the pending Action with prejudice, without costs or fees to either party. Counsel for plaintiff shall file a Stipulated General Judgment of Dismissal with Prejudice, which both Parties or their counsel will sign. Additionally, counsel for the defendant(s) shall file a Notice of Settlement with a copy of this Agreement attached pursuant to ORS 17.095. The Parties agree to execute these documents and any further documents and take any further actions, as may be reasonable and necessary, in order to carry out the purpose and intent of this Agreement.

**Waiver of Rule of Construction Against Drafter:** This Agreement was jointly drafted and approved by all Parties to this Agreement. Any rule that would otherwise require any ambiguities in this Agreement to be interpreted against the drafter(s) is hereby expressly waived.

**Counterparts:** This Agreement may be executed in counterparts, including counterparts received by facsimile or electronic transmission, with each counterpart constituting an original. The executing Parties agree that a photocopy or other signed copy of this Agreement is as effective as the original.

Page 5 – GLOBAL SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS         9033414-v1

**Settlement Judge Retains Jurisdiction Over Disputes:** The Parties further agree that the settlement judge, Hon. Stacie Beckerman, shall retain plenary jurisdiction to resolve, decide, and issue findings and orders in connection with this settlement.

**IT IS SO AGREED TO BY THE PARTIES:**

Steve Fox
_____          DATED this _30_ day of June, 2018.
**STEVEN FOX**
Plaintiff

Subscribed and sworn to before me this _2_ day of ~~June~~ July, 2018, in the State of

Oregon, County of _Umatilla_.

OFFICIAL STAMP
KAYLYN BLOOM
NOTARY PUBLIC-OREGON
COMMISSION NO. 936587
MY COMMISSION EXPIRES FEBRUARY 23, 2019

Kaylyn Bloom
_____
Notary Public for Oregon
My commission expires: February 23, 2019

_____          DATED this _3_ day of ~~June~~ July, 2018.
**JOSEPH BUGHER**
Oregon Department of Corrections

Subscribed and sworn to before me this _3_ day of ~~June~~ July, 2018, in the State of

Oregon, County of _marion_.

OFFICIAL STAMP
CAROLYN J. BENNETT-HUNTER
NOTARY PUBLIC-OREGON
COMMISSION NO. 968647
MY COMMISSION EXPIRES NOVEMBER 14, 2021

Carolyn J. Bennett-Hunter
_____
Notary Public for Oregon
My commission expires: _11-14-21_

**APPROVED AS TO FORM:**

_____          DATED this _2nd_ day of ~~June~~ July, 2018.
**LYNN WALSH**, OSB #924955
Attorney for Plaintiff

_____          DATED this _3rd_ day of ~~June~~ July, 2018.
**ROBERT SULLIVAN**, OSB #983539
Senior Assistant Attorney General
Attorney for Defendants

Page 6 – GLOBAL SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS          9033414-v1

Exhibit 1, Page 6 of 6